WO

NOT FOR PUBLICATION

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Ziva Hoarau, | No. CV-17-01594-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Safeco Insurance Company of America, | |
| Defendant. | |

At issue is Plaintiff's Motion to Remand (Doc. 9, MTR), to which Defendant filed a Response (Doc. 12, Resp.) and Plaintiff filed a Reply (Doc. 18, Reply). The Court has reviewed these documents, the evidence and citations Defendant and Plaintiff have provided, Defendant's Notice of Removal (Doc. 1, Notice of Removal), and Plaintiff's Complaint (Doc. 1, Ex. B., Compl.), and finds that Defendant has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. The Court will therefore deny Plaintiff's Motion to Remand.

**I.  BACKGROUND**

On or about August 8, 2014, a windstorm occurred that caused significant damage to the residence and rental property of Plaintiff Ziva Hoarau ("Hoarau"). (Compl. ¶ 10.) Hoarau's residence was insured by Defendant Safeco Insurance Company of America ("Safeco") under a landlord protection policy. (Compl. ¶ 11.) Hoarau submitted a claim to Safeco regarding the damage to her house from the windstorm, which resulted in Safeco completing an inspection of the house and determining that repair costs totaled

$6,471.56. (Compl. ¶ 19.) Hoarau did not agree with this repair valuation and hired a public adjuster, who determined that the replacement cost value of repairs was $62,332.65. (Compl. ¶¶ 22-23.) Hoarau's tenants moved out of the house due to the presence of mold as a result of the water damage. (Compl. ¶ 25.) Safeco then completed an amended scope of loss finding that the replacement cost value of the necessary repairs was $11,217.96. (Compl. ¶ 26.) On January 31, 2017, Hoarau brought suit against Safeco in Arizona state court, alleging three claims: (1) breach of insurance contract; covenant of good faith and fair dealing; (2) tortious bad faith claims handling; and (3) declaratory judgment. Safeco then removed the action to this Court based on diversity jurisdiction. (Notice of Removal.) Hoarau now moves to remand, contending that the amount in controversy is below the jurisdictional threshold of $75,000. (MTR.)

## II. LEGAL STANDARD

Federal courts may exercise removal jurisdiction over a case only if subject matter jurisdiction exists. 28 U.S.C. § 1441(a); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). The removing party bears the burden of providing a signed notice of removal that contains a short and plain statement of the grounds for removal. 28 U.S.C. § 1446(a).

Federal courts have diversity jurisdiction over actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The Supreme Court has concluded that, under § 1446(a), "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

When a defendant's assertion of the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee*

*Basin*, 135 S. Ct. at 554. The Ninth Circuit Court of Appeals has noted that the Supreme Court did not decide the procedure for each side to submit proof, leaving district courts to set such procedure. *See Ibarra v. Manheim Inv.*, 775 F.3d 1193, 1199-1200 (9th Cir. 2015) (citing *Dart Cherokee Basin*, 135 S. Ct. at 554). "[E]vidence may be direct or circumstantial," and "a damages assessment may require a chain of reasoning that includes assumptions." *Id.* at 1199. "When this is so, those assumptions cannot be pulled from thin air but need some reasonable ground underlying them." *Id.* Courts may consider evidence of jury awards or judgments in similarly situated cases to make an amount in controversy determination.[1] *Ansley v. Metro. Life Ins. Co.*, 215 F.R.D. 757, 578 & n.4 (D. Ariz. 2003).

**III. ANALYSIS**

The Court begins by examining whether Safeco's Notice of Removal satisfies the requirement of alleging diversity jurisdiction as set forth in *Dart Cherokee Basin*, 135 S. Ct. at 554. The Notice of Removal contains a plausible allegation that the amount in controversy exceeds the jurisdictional threshold of $75,000. Safeco alleges that the amount is met by adding together the compensatory damages demanded by Hoarau ($62,332.65), the attorney's fees Hoarau seeks (a minimum of $8,000), and the punitive damages that Hoarau seeks in the Complaint. (Notice of Removal ¶¶ 2-3, 11, 13.) Indeed, when adding only the compensatory damages and the minimum amount of attorney's fees sought in the Complaint, the total sum exceeds $70,000, without including punitive damages or any additional attorney's fees. Therefore, the Court concludes that Safeco's statement of the jurisdictional threshold amount in the Notice of Removal is plausible.

The Court next examines evidence of the jurisdictional amount because Hoarau contests that the amount exceeds $75,000. In doing so, the Court must examine both direct and circumstantial evidence.

---

[1] The Court disagrees with Hoarau's contention in her Reply that, as a result of *Dart Cherokee Basin*, district courts may not look at a defendant's citations to sufficiently similar cases to make an amount in controversy determination. (*See* Reply at 4.)

- 3 -

Hoarau concedes that the minimum amount of compensatory damages she seeks is $55,861.09 by subtracting the amount Safeco originally calculated as the compensable repair costs from the windstorm ($6,471.56) from the total Hoarau sought ($62,332.65).[2] (MTR at 5.) Safeco argues, as it alleges in the Notice of Removal, that all of Hoarau's claims in the Complaint add up to an amount that exceeds the jurisdictional threshold. First, Safeco contests Hoarau's calculation of compensatory damages by adding $1,500 to the $55,861 figure for a loss of rents. (Resp. at 3; MTR at 2.) The Court will accept this addition to the calculation for the amount in controversy because Hoarau seeks this amount in her Complaint. (Compl. ¶ 25.)

Second, Safeco contests Hoarau's position that attorney's fees should not be added to the calculation of the amount in controversy because the amount is too speculative. (MTR at 6.) If she prevails, Hoarau is likely entitled to an award of attorney's fees under A.R.S. § 12-341.01. *See Haldiman v. Cont'l. Cas. Co.*, 666 Fed. App'x 612, 614 (9th Cir. 2016) (attorney's fees would have been recoverable if the plaintiff had prevailed); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (allowing attorney's fees authorized by statute to be considered in an amount in controversy determination). If the Court uses the "conservative estimate" of 12.5% of economic damages for attorney's fees, which Safeco cites as an example from *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696 (9th Cir. 2007), that figure ($7,170) is very close to the amount Hoarau requested in the Complaint ($8,000). (Compl. ¶ 51.) Because Hoarau specifies a plausible amount in her Complaint, the Court will use the figure of $8,000 for attorney's fees in the calculation of the amount of controversy. Taking this amount together with the conservative estimate of compensatory damages, the amount in controversy is more than $65,000, excluding punitive damages.

---

[2] The Court will use the figure of $55,861 as the baseline for Hoarau's compensatory damages claim, even though the Complaint mentions an amended scope of loss estimate of $11,217—an amount higher than the original offset of $6,471.56. This second scope of loss offset would potentially lower the estimate for the amount in controversy, but Hoarau argues that the minimum amount is $55,861 in her Motion to Remand.

- 4 -

Safeco also argues that the Court should account for extra-contractual tort damages, including the amount that Hoarau paid the public adjuster. However, Hoarau does not specifically seek this amount in the Complaint, and Safeco does not provide any case law to support the proposition that the Court should add this type of damages to the calculation. In any event, making an estimate for extra-contractual damages is unnecessary because punitive damages more likely than not will take the amount in controversy over the $75,000 threshold.

Lastly, Safeco contends that the Court must account for punitive damages in the amount in controversy determination. Hoarau argues that the punitive damages she seeks in the Complaint are too speculative to be included and that the mere possibility of a punitive damages award is insufficient without evidence demonstrating how much these damages are likely to be. (MTR at 8.) A court should consider for purposes of the jurisdictional amount all claims that a plaintiff asserts in good faith in the complaint, regardless of how those claims are ultimately resolved. *See Theis Research Inc. v. Brown & Bain*, 400 F.3d 659, 664 (9th Cir. 2005); *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (considering punitive damages in determination of amount in controversy). Here, Hoarau seeks punitive damages against Safeco for her claim of tortious bad faith claims handling (Compl. ¶ 62), and the Court will not ignore that claim for purposes of Hoarau's Motion to Remand.

Safeco cites three Arizona bad faith insurance cases that awarded substantial amounts in punitive damages to plaintiffs, and these cases are sufficiently similar to the present case for the Court to consider them in the amount in controversy determination. *See Nardelli v. Metro. Group Prop. & Cas. Ins. Co.*, 277 P.3d 789 (Ariz. Ct. App. 2012) (reducing punitive damages for bad faith stolen car insurance claim to $155,000); *Melancon v. USAA Cas. Ins. Co.*, 849 P.2d 1374, 1375 (Ariz. Ct. App. 1992) (jury awarded $4,500,000 in punitive damages for mishandling of vehicle collision claim); *Filasky v. Preferred Risk Mut. Ins. Co.*, 734 P.2d 76, 78 (jury awarded $1,000,000 in punitive damages for bad faith automobile and home insurance claims). In *Ansley v.*

*Metropolitan Life Insurance Company*, the Court concluded that a bad faith insurance case satisfied the amount in controversy requirement in part because the plaintiff's claims for attorney's fees and punitive damages "will more likely than not be a significantly large amount of money." 215 F.R.D. at 577-78. Here, similar to in *Ansley*, Safeco's citation to several similarly situated cases is sufficient to convince the Court that a punitive damages award would more likely than not be well over the $10,000 required to push the amount in controversy over the $75,000 threshold. Therefore, upon reviewing the evidence and citations, the Court concludes by a preponderance of the evidence that the amount in controversy of $75,000 is met in this case and that Safeco's removal was proper.

**IT IS THEREFORE ORDERED** denying Plaintiff's Motion to Remand (Doc. 9).

Dated this 4th day of August, 2017.

Honorable John J. Tuchi
United States District Judge